UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>R. RIOS - Warden,<br><br>        Defendant. | Civil No. 08-6514 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is an inmate at the Federal Correctional Institution – Englewood, which is located in Littleton, Colorado. He commenced this action in late December 2008, by filing a complaint seeking relief for alleged violations of his federal constitutional rights, which allegedly occurred when he was previously incarcerated at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca").

This matter is presently before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

---

[1] Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated January 8, 2009, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $3.19, as required by 28 U.S.C. § 1915(b)(1). Plaintiff recently paid his initial partial filing fee, (Docket No. 4), so this case is now ripe for § 1915A screening.

## I. BACKGROUND

Plaintiff alleges that in June 2008, he was accused of trying to organize and instigate an inmate "food strike" at FCI-Waseca. Formal disciplinary charges were filed against him, and he was found guilty of violating one or more prison regulations. As punishment, he was assigned to a segregated housing unit for 98 days.

According to Plaintiff's complaint, he has "an extensive psychiatric history of mental and emotional breakdowns," (Complaint, [Docket No. 1], Addendum, p. (2)), and his mental health problems were exacerbated by his assignment to a segregated housing unit. Plaintiff alleges that he sought medical assistance for his mental health problems while he was in segregated confinement, but "[h]is repeated cries and request for medical intervention fell on deaf ears," and his "progressive mental and emotional decompensation became worse over a course of time." (Id.)

Plaintiff further alleges that after he spent 98 days in the segregated housing unit, "it was concluded, that [he]... was not guilty of the charged incident(s)," and he was "acquitted and expunged." (Id., [emphasis in the original].)

Plaintiff now claims that his Eighth Amendment rights were violated while he was in the segregated housing unit, because he "was deliberately denied the needed medical attention that he desperately sought, even though he had a well documented history of mental, emotional and psychiatric ailments." (Id., pp. (2) - (3).) He is currently attempting to sue a single Defendant, identified as "R. Rios - Warden," who apparently was the Warden at FCI-Waseca during the events giving rise to this action. Plaintiff is seeking a judgment against Defendant Rios for "$60,000 to $100,000 for pain and emotional suffering, and additional punitive damages." (Complaint, p. 2.)

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, (namely Defendant Rios), his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner civil rights action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed.  28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff claims that he was deprived of his constitutional rights, because he did not receive proper medical treatment while he was in a segregated housing unit. Giving Plaintiff's complaint the benefit of liberal construction, it appears that he is seeking relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of his Eighth Amendment rights.  See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) ("[i]t has long been established that prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment when the officials are deliberately indifferent to the prisoner's serious medical needs"), citing Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The Court finds, however, that Plaintiff has failed to plead an actionable Bivens/Eighth Amendment claim against the named Defendant.

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s)

under some cognizable legal theory.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights.  Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing).  See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim against Defendant Rios, because his complaint does not describe anything that Rios personally did, (or failed to do), that violated his federal constitutional rights.  In fact, the Court finds no reference or allusion to Defendant Rios in any of the substantive allegations of Plaintiff's complaint.

Plaintiff may be claiming that Defendant Rios should be held vicariously liable for allegedly unconstitutional acts or omissions by his subordinates at FCI-Waseca. Such a claim, however, is not actionable, because government officials cannot be held liable under the doctrine of respondeat superior in civil rights cases such as this one. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). As our Court of Appeals has clearly stated:

> "[T]here is no respondeat superior liability under Bivens. Defendants are liable for their personal acts only. The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability."

Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (emphasis added).

Again, to state an actionable Bivens/Eighth Amendment claim against Defendant Rios, Plaintiff's complaint would have to include specific factual allegations showing how, specifically, Rios personally violated Plaintiff's Eighth Amendment rights. Because no such allegations appear in Plaintiff's present pleading, he has failed to state an actionable claim for relief against Defendant Rios.[2]

---

[2] The Court further notes that even if Plaintiff's complaint did include factual allegations describing some unconstitutional act or omission by Rios himself, it appears that this action still would have to be dismissed, pursuant 42 U.S.C. § 1997e(e). That statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." See also Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (§ 1997e(e) "limit[s] recovery for mental or emotional injury in all federal actions brought by prisoners"), cert. denied, 544 U.S. 1061 (2005). In this case, Plaintiff appears to be seeking redress only for alleged emotional injuries that are not directly related to any specified physical injury. Therefore, this action appears to be barred by § 1997e(e).

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint does not state any cause of action against the only named Defendant in this case. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3] To date, he has paid only $3.20, so he still owes $346.80. Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, it will be recommended that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $346.80, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: January 26, 2009

             s/ *Franklin L. Noel*
             FRANKLIN L. NOEL
             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 12, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.