UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terry Brown,                                                        Civ. File No. 08-6514 (PAM/FLN)

                              Petitioner,

v.                                                                                                **ORDER**

Warden R. Rios,

                              Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") dated January 26, 2009. For the reasons that follow, the Court adopts the R&R and summarily dismisses the Complaint.

**BACKGROUND**

Petitioner is currently incarcerated at the Englewood Federal Correctional Institution ("FCI") in Littleton, Colorado. He was previously incarcerated at the FCI in Waseca, Minnesota. While incarcerated at Waseca, Petitioner claims that he was confined for ninety-eight (98) days in the special housing unit ("SHU") after being charged with trying to organize an inmate food strike. Petitioner alleges that he was ultimately acquitted of those charges.

Petitioner initiated a civil rights action against Defendant R. Rios, the warden at Waseca during the relevant time period, alleging that his confinement in the SHU exacerbated his mental health problems and his requests for medical attention were ignored.

On initial screening before Magistrate Judge Franklin L. Noel, Petitioner's Complaint was construed as a <u>Bivens</u> action for Eighth Amendment violations and dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).  The Magistrate Judge found that Petitioner failed to "include specific factual allegations showing how, specifically, Rios <u>personally</u> violated the petitioner's Eighth Amendment rights."  (R&R at 5).  Petitioner then filed a response entitled "TRAVERSE RESPONSE TO OBJECT TO THE REPORT AND RECOMMENDATION BY THE COURT."

**DISCUSSION**

Although styled as objections to the R&R, Petitioner's "traverse response" essentially seeks to amend his Complaint to address the deficiencies pointed out in the R&R.  The Court therefore considers Petitioner's "traverse response" as a Motion to Amend.  However, that Motion must be denied as futile under 42 U.S.C. § 1997e(e).

Section 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  As noted in the R&R, Petitioner is seeking to recover for alleged emotional injuries.  (R&R at 5 n.2).  He has not, in either his original Complaint or in his "traverse response," alleged that he suffered any specific physical injury as a result of his confinement in SHU.  Because Petitioner suffered no physical harm as a result of this confinement, his claims are statutorily barred.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petitioner's "traverse response" (Docket No. 6) is construed as a motion to amend and is **DENIED** as futile pursuant to 42 U.S.C. § 1997e(e);

2. The Report and Recommendation of Magistrate Judge Franklin L. Noel dated January 26, 2009 (Docket No. 5) is **ADOPTED**;

3. The Motion for Leave to Proceed in forma pauperis (Docket No. 2) is **DENIED**;

4. The Complaint is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

5. In accordance with 28 U.S.C. § 1915(b)(2), Petitioner is required to pay the unpaid balance of the filing fee, $346.80; and

6. For purposes of 28 U.S.C. § 1915(g), this action is **DISMISSED** "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief can be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, March 17, 2009

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge